SPRITZER v. AHEARN.  (No. 6711.)

(Supreme Court, Appellate Division, First Department.  January 22, 1915.)

LANDLORD AND TENANT ⬤═➡169—INJURIES TO PROPERTY OF TENANT.

In an action by a tenant against his landlord for injuries caused his goods by defective plumbing, the refusal of the court, probably based on its erroneous assumption that the defendant's ownership of the property had been denied, to permit the plaintiff to prove previous notice to the agent of the landlord of the defective condition of the pipes, was reversible error.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 644–646, 664–667, 681–684; Dec. Dig. ⬤═➡169.]

Appeal from Trial Term, New York County.

Action by Max Spritzer against Elizabeth Ahearn.  Judgment dismissing complaint, and plaintiff appeals.  Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

I..Maurice Wormser, of New York City, for appellant.

Isidore Cohen, of New York City, for respondent.

SCOTT, J.  The action was by the tenant of a part of a building against his landlord for damages caused by defective plumbing.  The plaintiff proved the flooding of his loft, and the resulting damage to his goods.  He attempted to prove previous notice to the agent of the landlord of the defective condition of the pipes, but was not allowed to prove either the agency or the notice.  Just why he was not allowed is not made very clear, except that the court, on what was doubtless a hasty reading of the answer, assumed that the fact of defendant's ownership of the property had been denied, and that it was incumbent upon plaintiff to prove such ownership.  The fact is that her ownership was admitted, having been alleged, and not denied.  That fundamental error as to the contents of the pleadings affected the whole trial and led the court into the error complained of.  Plaintiff's counsel was apparently so taken by surprise that he failed to ask to be allowed to go to the jury.  This is unimportant, however, since the exceptions are ample to warrant a reversal.  It is true that plaintiff did not make it clear that the pipe which leaked was under the landlord's control, but it is possible that he might have been able to do so, if an opportunity had been afforded him.  We feel that, under the circumstances of the trial as disclosed in the case on appeal, justice requires that there be a new trial.

Judgment appealed from reversed, and new trial granted, wth costs to appellant to abide the event.  Settle order on notice.  All concur.

⬤═➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes